UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRENT LUYSTER,

        Defendant.

No. 3:17CR05314BHS-001

**DEFENDANT'S SENTENCING MEMORANDUM**

As this Court is aware, Mr. Luyster is currently serving three consecutive life sentences in state prison for murder convictions. In this case, the Government exercised substantial resources to add more convictions to Mr. Luyster's record and add more prison time to his three life sentences.

In response to the Government's prosecution, as one might expect, Mr. Luyster exercised his Constitutional right to a jury trial after pleading not guilty to the following charges:

1. Felon in Possession of a Firearm
2. Felon in Possession of Ammunition
3. Felon in Possession of Firearms and Ammunition.

As this Court will recall, at trial, the Government introduced, over objection, evidence regarding an alleged assault upon Erin Cochran - one of Mr. Luyster's acquaintances. The Government, nor the State, sought to prosecute Mr. Luyster for that alleged assault. It is

Defendants Sentencing Memorandum - 1


PUGET LAW GROUP
708 BROADWAY SUITE 400
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

requested that this Court not consider that uncharged conduct in determining Mr. Luyster's sentence.

Similarly, given that Mr. Luyster was acquitted of count three, it is requested that this Court not consider the allegations of gun and ammunition possession associated with that count.

As this Court surely recalls, during trial, there was an allegation that Mr. Luyster intended to assault or injure a member of the US Marshall's staff or even Your Honor. While such allegations are certainly concerning, where no charges, nor evidence or testimony have been brought forward in support of the allegations, and Mr. Luyster has had no opportunity to defend against the accusations, it is requested that this Court not consider such conduct in handing down Mr. Luyster's sentence.

The conduct that was actually witnessed in Court was inconsistent with the allegation that Mr. Luyster intended to obstruct the trial process. For example, Mr. Luyster was quiet and respectful during the trial. He was considerate towards his appointed counsel and the Government attorneys. He did not bring frivolous motions, nor did he disrupt the proceedings in the courtroom. Mr. Luyster exercised his Constitutional Right to remain silent and not testify – i.e. he did not take the stand and commit perjury or seek to disrupt the trial as some defendants do. In other words, the conduct actually witnessed by the Court – as well as defense counsel – was respectful and reasonable.

The probation department has indicated Mr. Luyster's Base Offense Level is 20. It adds 4 points due to the number of firearms (9). Probation then adds a 4-point increase for conduct related to Erin Cochran. For the reasons set forth above that increase should not be included. In particular, the increase should not be allowed because Mr. Luyster was not

Defendants Sentencing Memorandum - 2

PUGET LAW GROUP
708 BROADWAY SUITE 400
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

prosecuted for that alleged assault, nor able to confront Ms. Cochran in accordance with his rights under the Confrontation Clause at trial.

Similarly, a two-point increase for the alleged "Obstruction of Justice" should not be allowed. As stated above, the specifics of that allegation have not been adjudicated in any manner and Mr. Luyster's in-court conduct was not consistent with anything obstructive.

If the Court declines those four and two point adjustments, Mr. Luyster's Total Offense Level would be a 24. With a criminal history category of VI his guideline imprisonment range would be 100-125 months. As this Court is aware, the maximum term of imprisonment for the two convictions is 10 years.

While Mr. Luyster's criminal history and the allegations in this case are very troubling, the question of whether his gun and ammunition possession in this case warrants a "maximum term" is certainly debatable. Similarly, the Government could surely argue that a low guideline or below guidelines sentence is not warranted. As such, Mr. Luyster requests that this Court consider a "middle ground" guidelines sentence and order his confinement to a term of 110 months in prison.

DATED this 15th day of February 2019.

PUGET LAW GROUP
Attorneys for Defendant

_____
Casey M. Arbenz
WSB #40581

Defendants Sentencing Memorandum - 3

PUGET LAW GROUP
708 BROADWAY SUITE 400
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

## CERTIFICATE OF SERVICE

Alexis Isom, hereby certifies under penalty of perjury under the laws of the State of Washington, that on the day set forth below, I delivered true and correct copies of the Defendant's Sentencing Memorandum to which this certificate is attached, e-mail to the following:

United States Attorney's Office – Bruce Miyake

United States Adorner's Office – Ye-ting Woo

and by U.S. Mail to:

Brent Luyster

Signed at Tacoma, Washington this 15th day of February 2019.

_____
Alexis Isom
Legal Assistant

Defendants Sentencing Memorandum - 4



PUGET LAW GROUP
708 BROADWAY SUITE 400
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013